UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MALIK GARY LOVETT,

    Plaintiff,

v.                                                 Case No.: 2:17-cv-422-FtM-38MRM

FNU QUEZADA, FNU PEREZ and P.
JACKSON,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendants Sergeant FNU Quezada ("Sergeant Quezada") and Captain FNU Perez's ("Captain Perez") (collectively, the "Defendants") Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction filed on January 22, 2020. (Doc. 55). Plaintiff Malik Gary Lovett ("Lovett") filed a Response in Opposition on February 18, 2020. (Doc. 58). For the reasons below, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiff, a prisoner in the custody of the Florida Department of Corrections ("FDOC"), currently confined at Century Correctional Institution, initiated this case by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Plaintiff alleges that on January 6, 2017, at the Desoto Correctional Institution, Sergeant Quezada and Officer Guitterez escorted him to the captain's office because of sexual misconduct in front of a female

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

staff member. (*Id.* at 6). He claims he submitted to their demands and hand restraints. (*Id.* at 7). When they arrived at the office, Captain Perez was also present. (*Id.* at 7). Lovett states he insisted on his innocence of the misconduct, but the corrections officers refused to hear his side of the story, and instead took matters into their own hands. (*Id.* at 7-8). Captain Perez "nodded his head at Sergeant Quezada" and Sergeant Quezada punched Lovett several times in the face. (*Id.* at 7). Then Officer Guitterez slammed Lovett on the floor, held him down, and allowed Sergeant Quezada to punch and kick him in his face, arm, ribs, and back. (*Id.* at 8). Captain Perez failed to intervene and stop the excessive force. (*Id.*). Lovett suffered serious bodily injuries, such as a lump on his forehead and cheek, bruised eye, blood clots, and abrasions on his body. (*Id.*). Because of the incident, Plaintiff alleges Defendants violated his rights under the Eighth Amendment. (Doc. 1). He seeks compensatory and punitive damages, legal costs, a restraining order, bench trial, and declaratory and injunctive relief. (*Id.* at 40-42).

Defendants' version of events differs significantly from Lovett's. The disciplinary report shows, on that day, Captain Perez was interviewing Lovett before his placement in administrative confinement because of his sexual misconduct. (Doc. 55-1 at 1-2). Lovett tried to speak to Sergeant Quezada because he was writing the disciplinary report. (*Id.*). Sergeant Quezada advised Lovett he would need to take his grievances up with the disciplinary team. (*Id.*). Lovett became disorderly and yelled to Sergeant Quezada, "When I get out, I'm gonna fucking kill you!" (*Id.*). Lovett spit at Sergeant Quezada and struck him in the face. (*Id.*). Sergeant Quezada grabbed Lovett's right upper torso and Officer Guitterez grasped the other side of Lovett's body and lowered him to the ground. (*Id.*). Leg shackles were placed on Lovett, and he was escorted to administrative

2

confinement pending his charges. (*Id.*). Lovett was found guilty of battery and attempted battery on a corrections officer, and his punishment included sixty days in administrative confinement and losing all his gain time.

Now, Defendants move to dismiss this case under Federal Rule Civil Procedure 12(b)(1). (Doc. 55). Defendants assert this Court lacks subject matter jurisdiction because (1) Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) Defendants have Eleventh Amendment immunity in their official capacity, and (3) Plaintiff's pleas for declaratory and injunctive relief are do not present a case or controversy since Plaintiff has been transferred to a new facility. (*Id.*). The Court addresses each argument below.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a court to dismiss a suit if the Court lacks subject matter jurisdiction. A defendant's attack on subject matter jurisdiction occurs in two forms: facial and factual. *See Garcia v. Copenhaver Bell & Associates, M.D.'s PA*, 104 F.3d 1256, 1260 (11th Cir. 1997) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990)). When there is a factual attack, like Defendants raise here, the court reviews matters outside the pleadings, such as testimony and affidavits, to determine whether subject matter jurisdiction is present. *See Lawrence* 919 F.2d at 1528-29.

## DISCUSSION

Defendants first assert this Court lacks subject matter jurisdiction over Lovett's claims because they are barred by *Heck*. (*Id.* at 3-13). Defendants argue that if Lovett's operative facts were proven true in the instant § 1983 action, they would necessarily

undermine and contradict the prison disciplinary hearing that found him guilty of battery and attempted battery on a corrections officer. (*Id.* at 7-13).

Under *Heck*, state prisoners are barred from pursuing § 1983 actions that, if successful, would necessarily imply the invalidity of a plaintiff's conviction. *Heck*, 512 U.S. at 477. In considering whether a § 1983 claim is *Heck*-barred, the Court must determine where a plaintiff's factual allegations, if proven, would necessarily undermine the validity of the plaintiff's conviction. *Edwards v. Balisok*, 520 U.S. 642, 646-48 (1997). This rule also applies to prison disciplinary convictions. See *id.* at 648. But "as long as it is possible that a § 1983 claim would not negate the underlying conviction, then the suit is not *Heck*-barred." *Dryer v. Lee*, 488 F.3d 876, 879-80 (11th Cir. 2007).

The Eleventh Circuit held, on facts like these, that *Heck* did not bar a prisoner's excessive force claim because success on the § 1983 action would not *necessarily* imply that the underlying disciplinary conviction is invalid. See *Dixon v. Hodges*, 887 F.3d 1235, 1237 (11th Cir. 2018). In that case, Dixon was found guilty of battery or attempted battery on a correctional officer and his punishment included loss of gain time. See *id.* at 1238. Although their version of events differed, the correctional officer alleged Dixon ignore several orders to leave the officers' station and, when he did turn to leave, he made a fist with his hand and turned back to lunge at the officer, requiring the officer to use force in a manner necessary to subdue him. See *id. at* 1237. Dixon then filed a § 1983 action alleging the officer used excessive force against him. See *id.* at 1238.

In finding *Heck* did not bar Dixon's claims, the Eleventh Circuit stated "[w]hen a plaintiff alleges a fact that, if true, would conflict with the earlier punishment, but that fact is not necessary to the success of his § 1983 suit, the Heck bar does not apply." *Id.* at

1239. The court found the success of Dixon's claim that the corrections officer used excessive force did not necessarily depend on whether Dixon had lunged at the officer. *Id*. at 1239-1240. Although the disciplinary report established Dixon did lunge at the officer, that factual finding does not determine whether the officer used excessive force against him. *Id*. at 1240. The court held it was logically possible for both Dixon to lunge at the officer and for the officer to use excessive force against him. *Id*.

The Court finds *Heck* does not bar Plaintiff's claim. While Lovett was punished for striking Sergeant Quezada, making a threatening remark, and behaving disorderly, these factual findings do not determine whether Defendants used excessive force against Lovett in response to Lovett's conduct. Success on Lovett's excessive force and failure to intervene claims would not *necessarily* imply the invalidity of the disciplinary punishment. It also would not logically contradict the facts of the report. It is logically possible both that Lovett engaged in disorderly conduct and Defendants used excessive force/failed to intervene in the excessive force. Thus, *Heck* does not bar Lovett's claims.

Next, Defendants argue that Lovett's claim for monetary damages against them in their official capacities should be dismissed because they are entitled to Eleventh Amendment immunity. (Doc. 55 at 2). The Court agrees. The Eleventh Amendment immunizes state officials sued in their official capacity for money damages. *See Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986). Lovett is not entitled to money damages against Defendants in their official capacity. *See Kendry v. Kraft*, Case No. 3:15-cv-248-J-34MCR, 2016 WL 4474629, *11 (11th Cir. Aug. 25, 2016) (finding corrections officer was immune from suit in his official capacity under the Eleventh Amendment); *see also*

5

*Enerson v. Pergonas*, Case No. 2:12-cv-463-Ftm-38UAM, 2013 WL 6001071, *4 (Nov. 12, 2013) (same).

Last, Defendants argue Lovett's claims for injunctive and declaratory relief should be dismissed as moot because Plaintiff is no longer incarcerated at Desoto Correctional Institution. (Doc. 55 at 2). The Court agrees. Because Lovett is no longer in the custody of Desoto Correctional, his claim for declaratory and injunctive relief is moot. *See Weinstein v. Bradford*, 423 U.S. 147 (1975); *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) ("[A]n inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate had been transferred.") (citation omitted); *cf. Johnson v. Turpin*, No. 94-9420-AA. 2001 WL 520804, at *1 (11th Cir. Apr. 11, 2001) (finding a prisoner's claim for injunctive relief not moot because he was still within the state prison system and subject to being returned to facility where alleged violations took place). To demonstrate mootness, a defendant must show that "subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to occur." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 n. 10 (1982). "Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury." *Cotterall v. Paul*, 755 F.2d 777, 780 (1985).

Plaintiff transferred out of Desoto Correctional before he initiated this action. (Doc. 1 at 1). There is no real or immediate threat that Lovett will again be subject to the conditions of Desoto Correctional under the supervision of Defendants. Thus, the Court

finds Plaintiff's claims for declaratory and injunctive relief now moot because there is no present case or controversy to support the Court's jurisdiction over this action.

Accordingly, it is now

**ORDERED:**

1. Defendants FNU Quezada and FNU Perez's Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction (Doc. 55) is **GRANTED in part** and **DENIED in part** to the extent below.

    a. Plaintiff's claims are not *Heck*-barred.

    b. To the extent Plaintiff sues Defendants for declaratory or injunctive relief, such relief is now moot.

    c. To the extent Plaintiff seeks monetary damages from Defendants in their official capacity, the Eleventh Amendment bars suit. **Thus, Plaintiff's claims for monetary damages against Defendants in their individual capacities survive this motion to dismiss.**

2. Defendants must file an answer to the Complaint (Doc. 1) **on or before April 2, 2020**.

3. Defendants' Motion to Stay Proceedings Pending the Court's Decision on Defendants' Motion to Dismiss (Doc. 56) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of March 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

7